IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01530-PSF-OES

TROY D. KOSSE,

Plaintiff,

vs.

J. GUNJA, (WARDEN, USP FLORENCE),
B. JANUSZ, (CASE MGR., USP FLORENCE),
DR. HUTCHINSON, (CHIEF PSYCHOLOGIST, USP FLORENCE),
S.M. ROWLETT, (UNIT MGR., USP FLORENCE),
W. CLARK, (UNIT MGR., USP FLORENCE),
DR. GARRITY; and
DR. GRANT, (PYSCHIATRISTS (sic), USP SPRINGFIELD),
C.O. STEER, (USP FLORENCE),
LT. JOHNSON, (USP FLORENCE)

Defendants.

---

## RECOMMENDATION FOR DISMISSAL

---

**Entered by O. Edward Schlatter, United States Magistrate Judge**

This matter is before the court based on the defendants' Motion To Dismiss,

made pursuant to Fed.R.Civ.P. 12(b)(1) and (6).[1]  Plaintiff has filed a response in

---

[1]The motion is filed by the defendants collectively, however, it is noted that
neither the caption of the motion nor the reply in support of the motion lists the names
of defendants Steer and Johnson who were added to this lawsuit with the filing of
plaintiff's amended pleading, denominated as a First Amended Complaint, on March
29, 2004.  The record clearly demonstrates that responsive pleadings to plaintiff's
claims would be made on behalf of all defendants, including Steer and Johnson.  See
DEFENDANTS' UNOPPOSED MOTION TO EXTEND RESPONSE TIME, Docket #62.
Accordingly, to clarify the record, the motion is deemed as made on behalf of all nine

opposition to the motion, and the defendants have replied.  Pursuant to Pursuant to 28

U.S.C. § 636(b) and Fed.R.Civ.P. 72, this matter has been referred to me for

recommendation.

The parties' rights to seek review or reconsideration of this recommendation, by

filing objections within ten days, are attached hereto, and are entitled "Advisement Under

Fed. R. Civ. P. 72."  For the reasons discussed below, the defendants' motion should be

**GRANTED** in part and **DENIED** in part.

## BACKGROUND

Plaintiff is a federal prisoner in Colorado.  He has twice amended his civil rights

complaint which was originally filed on August 11, 2003.  <u>See</u> Dockets #4, #11 and #46.

Pursuant to the order of the court on March 17, 2004, plaintiff was directed to "file <u>one</u>

document entitled 'First Amended Complaint,' containing his entire complaint and all

defendants . . . ."  <u>See</u> Docket #45.  Accordingly, the operative pleading in this matter is

the First Amendment (sic) Complaint ("First Amended Complaint") filed on March 29,

2004, as Docket #46.[2]

In the First Amended Complaint, plaintiff claims that he was assaulted by two

other inmates because of a dispute with his cellmate regarding his alleged sleeping

---

named defendants and will be considered as such by the court.

[2]It is noted from the docket that another document was tendered to the court on April 8, 2004, which is entitled "First Amendment Complaint."  This document is identical to the First Amended Complaint filed on March 29, 2004, at Docket #46.

disorder. Plaintiff contends that the defendants were aware of his sleeping disorder and the potential for a violent encounter, but failed to protect him.  He also raises 14th Amendment due process[3] allegations against defendants Rowlett and Janusz, concerning his access to documents, assessment of his custody level, inhibiting his attempts at using the administrative remedy procedure, mail interference, and providing false information.  He also claims that defendant Gunja has violated his due process rights with regard to his placement in administrative segregation.  Plaintiff indicates he is seeking monetary damages in connection with physical and emotional injury for First[4], Eighth, and 14th Amendment violations, and requests single cell status.

Defendants have filed their Motion To Dismiss, arguing that plaintiff has failed to exhaust his administrative remedies with regard to his claims and that he has failed to

---

[3]Because plaintiff's claim is directed at federal employees, the Fifth Amendment, rather than the Fourteenth Amendment, applies in determining plaintiff's due process claims.  See Berry v. City of Muskogee, 900 F.2d 1489, 1492 n.2 (10th Cir. 1990) (Fifth Amendment protects against deprivations of life, liberty or property by federal government).  Based on plaintiff's *pro se* status, the allegations of a violation of his Fourteenth Amendment due process rights in his First Amended Complaint would be, instead, construed as Fifth Amendment due process claims.

[4]In his pleading filed on October 30, 2003, plaintiff sets forth allegations of religious discrimination which contend that the defendants interfered with his ability to freely exercise his religious beliefs because he was prevented from having private visits with a rabbi and that he was denied Jewish literature.  See Docket #11, Claim Two.  Plaintiff's First Amended Complaint, filed on March 29, 2004, however, fails to incorporate these allegations or to mention concerns regarding religious discrimination.  See Docket #46.  Such an omission would correctly be considered as an abandonment or waiver of a First Amendment claim, since the plaintiff was directed on March 17, 2004, to file one document containing his entire complaint and all defendants.

properly plead exhaustion.  Defendants also argue that personal jurisdiction is lacking in this court over defendants Garrity and Grant, who worked and lived in Missouri during the times relevant to this lawsuit.  Finally, defendants argue that they are entitled to qualified immunity because plaintiff has failed to state a claim upon which relief can be granted with regard to his allegations and that he has failed to plead the requisite personal involvement by the defendants necessary to demonstrate liability.  From a review of the motion, however, it appears to address the amended pleading filed by the plaintiff on October 30, 2003, [Docket #11] rather than the operative First Amended Complaint filed on March 29, 2004 [Docket #46].  Plaintiff has filed his response in this regard, and the defendants have submitted their reply.

## DISCUSSION

**I.      Procedural Posture and Standard of Review.**

**A.      Procedural Posture.**

In their Motion To Dismiss, the defendants raise three issues regarding the plaintiff's lawsuit against them: (1) failure to exhaust administrative remedies, (2) failure to state a claim upon which relief can be granted, and (3) lack of personal jurisdiction over defendants Garrity and Grant.  Because the motion is directed at the facts and allegations as pled in a version of the complaint which is no longer operative, the issue of whether plaintiff has failed to state a claim upon which relief can be granted in that pleading is moot.  Accordingly, the Motion To Dismiss in that regard should be denied.

However, the issue of whether plaintiff has exhausted his administrative remedies

with regard to the claims he seeks to champion under the First Amended Complaint, and the issue of personal jurisdiction over defendants Garrity and Grant remain alive despite which version of the complaint is operative. See, generally, Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003) ("[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court.");see, also, Brice v. Day, 604 F.2d 664, 666-67 (10th Cir. 1979), abrogated on other grounds by McCarthy v. Madigan, 503 U.S. 140 (1992) (holding that inmate must follow the grievance procedure prior to filing suit in federal court in order to possibly resolve issues, reduce court intrusion into prison administrations, and provide some fact-finding so that if the matter reaches the court system, the court will have a starting place for understanding and resolving the matter); see FED.R.CIV.P. 12(b)(2) (a motion making the defense of lack of jurisdiction over a person shall be made before pleading if a further pleading is permitted).

Accordingly, in the interests of efficient use of judicial resources and under no undue burden or prejudice to the parties, the court should consider the issues of exhaustion of administrative remedies and whether or not personal jurisdiction over defendants Garrity and Grant exists in this court.

**B.    Standard Of Review.**

Defendants have requested dismissal of this lawsuit under the provisions of Fed.R.Civ.P. 12(b)(1) and 12(b)(6).  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere

5

conclusory allegations of jurisdiction." <u>Groundhog v. Keeler</u>, 442 F.2d 674, 677 (10th Cir.

1971).  However, "[a] 12(b)(1) motion . . . can include references to evidence extraneous

to the complaint without converting it to a Rule 56 motion."  <u>Wheeler v. Hurdman</u>, 825

F.2d 257, 259 n.5 (10th Cir. 1987); <u>see</u>, <u>also</u>, <u>Holt v. United States</u>, 46 F.3d 1000, 1003

(10th Cir. 1995) (court has wide discretion to allow affidavits and other documents to

resolve disputed jurisdictional facts under Rule 12(b)(1)).

The burden of establishing subject matter jurisdiction is on the party asserting

jurisdiction.  <u>See</u> <u>Basso v. Utah Power & Light Co.</u>, 495 F.2d 906, 909 (10th Cir. 1974).

Accordingly, plaintiff in this case bears the burden of establishing that this court has

jurisdiction to hear his claims.

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only

when it is apparent that a plaintiff can prove no set of facts which would entitle him to

relief.  <u>Ledbetter v. City of Topeka</u>, 318 F.3d 1183, 1187 (10th Cir. 2003).  In evaluating

whether a dismissal under 12(b)(6) is appropriate, "all well-pleaded factual allegations

in the . . . complaint are accepted as true and viewed in the light most favorable to the

nonmoving party." <u>Sutton v. Utah State Sch. for Deaf and Blind</u>, 173 F.3d 1226, 1236 (10th

Cir. 1999).

The issue in reviewing the sufficiency of plaintiff's Complaint is not whether

plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims.

<u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), *(overruled on other grounds by*

<u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982)).  Although a plaintiff does not need to state

each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved.  See Fed.R.Civ.P. 8(a); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).   Conclusory allegations without supporting facts are insufficient to state a claim on which relief can be based, and the court may not construct a legal theory for the plaintiff that assumes facts which have not been pled.  See Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990); see, also, Hall, 935 F.2d at 1109-10, 1113 (finding mere words insufficient to state a claim without facts to support allegations of deliberate conduct).

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted); see, also, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (when a plaintiff is proceeding without counsel, the court must construe his pleadings and other filings liberally); Hall, 935 F.2d at 1110.

## II.      Personal Jurisdiction Over Defendants Garrity And Grant.

The defendants argue that the court does not have personal jurisdiction over defendants Garrity and Grant, who worked and lived in the state of Missouri during the relevant times at issue in this lawsuit. Plaintiff does not allege any facts which indicate that these defendants took any action that would give this court personal jurisdiction over them.

Jurisdictional requirements are satisfied if, "after reviewing the defendant's interactions and connections with the forum state, the court can conclude" that the defendant "purposefully availed [himself or herself] of the protection and benefits of the laws" of Colorado, the forum state. United States v. Botefuhr, 309 F.3d 1263, 1272 (10th Cir. 2002). "[T]he mere foreseeability of causing injury in another state" is insufficient to establish the required contacts. Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1534 (10th Cir. 1996).

Here, there is no indication or well-pled facts to demonstrate that defendants Garrity or Grant took any action with regard to plaintiff that would amount to the conduct of significant activities in Colorado. Accordingly, plaintiff's claims against defendants Garrity and Grant should be dismissed for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

**III.    Failure To Exhaust Administrative Remedies.**

Defendants argue that plaintiff has failed to exhaust his administrative remedies with regard to claims he seeks to bring against them. Defendants indicate that a review of the administrative remedies filed by the plaintiff reveals that he did not exhaust his remedies as to the claims he brings in this lawsuit. See MOTION TO DISMISS, Docket #65, Exhibit 1. In his response, plaintiff acknowledges that he filed only an administrative remedy concerning his sleep disorder and that it was not intended to remedy the claims of this action. See PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS, Docket #68. He argues that since his sleep disorder grievance was denied, the issue of

exhaustion is futile. Id. He further requests that this issue be considered under the format of a summary judgment motion, rather than under a Motion To Dismiss. Id.

The record demonstrates that in his original Complaint, plaintiff represented that he had not exhausted his available administrative remedies because his "attempts to use the available methods are thwarted." See COMPLAINT, Docket #4, p. 7. In the next pleading filed by the plaintiff, he represented that he had exhausted his remedies because "[m]y sleep disorder is the foundation of this action and it has been administratively denied all the way to General Counsel in Wash. D.C. this year." See AMENDED COMPLAINT, Docket #11, p. 7. Finally, in the most recently filed pleading, the plaintiff fails to address the issue of exhaustion. See FIRST AMENDMENT (sic) COMPLAINT, Docket # 46.

The Tenth Circuit has determined that the exhaustion provisions of 42 U.S.C. § 1997e(a) are not jurisdictional. See Steele, 355 F.3d at 1208-09. The appellate court has declared that a complaint "that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Id. at 1210 (citing Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)). In this circuit, the exhaustion requirement is not an affirmative defense, but instead, must be sufficiently pled and/or documented by an inmate in his Complaint and failure to do so is the same as failing to state a claim upon which relief may be granted. Steele, 355 F.3d at 1209-10. Accordingly, Rule 12(b)(6) governs review of the issue of exhaustion, and the plaintiff must sufficiently plead or document the exhaustion of his administrative remedies with

regard to any claims he seeks to bring before this court.

Generally, when viewing a Rule 12(b)(6) motion, the court may not consider evidence outside the pleadings unless it converts the motion to one for summary judgment under Fed.R.Civ.P. 56, with notice to the parties.  See Brown v. Zavaras, 63 F.3d 967, 969 (10th Cir. 1995).  However, documents referred to in a complaint and central to its claims are not considered to be outside the pleadings. See Prager v. LaFaver, 180 F.3d 1185, 1188-89 (10th Cir. 1999). The court is not required to consider them, but may do so in its discretion. Id. In this case, the issue of exhaustion is central to the claims presented by the plaintiff, and therefore, it is appropriate that the court consider any relevant documentation or information provided outside of the pleadings without converting the motion to one for summary judgment.

Plaintiff's claims are governed by the Prison Litigation Reform Act ("PLRA"), which covers claims brought "with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in jail, prison, or other correctional facility." See 42 U.S.C. § 1997e(a) (emphasis added).  This exhaustion requirement is mandatory. See Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective."). The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." Booth v. Churner, 532 U.S. 731, 741, n. 6 (2001).

The Bureau of Prisons ("BOP") has a three-tiered administrative procedure for

inmate grievances, which is codified at 28 C.F.R. § 542.10 et seq. Under this procedure, an inmate must first address his complaint to the Warden. 28 C.F.R. § 542.14. If the inmate feels the response is unsatisfactory, within 20 calendar days of the date the Warden signed the response, the inmate may then appeal the complaint to the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, within 30 calendar days of the date the Regional Director signed the response, the inmate may then appeal to the Director, National Inmate Appeals, in the Office of the General Counsel in Washington, D.C. Id. Extensions for the filing of appeals may be granted upon demonstration of a valid reason for delay. Id. Generally, an inmate has not exhausted his remedies until he has sought review at all three levels. Id. However, "[i]f the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director." 28 C.F.R. § 542.14.

Plaintiff arrived at USP Florence in October, 2001. See FIRST AMENDED COMPLAINT, Docket #46, p. 2. He was transferred to USP Allenwood, in White Deer, Pennsylvania, in approximately April or May of 2004. See CHANGE OF ADDRESS, Docket #47. The administrative remedy complaints and appeals filed by the plaintiff have been tracked by the BOP in a national databased called "SENTRY."[5] See MOTION TO DISMISS,

---

[5]In SENTRY, initial filing complaints are assigned a unique "Remedy ID Number" when entered into the system, and that number will follow the particular

Docket #65, Exh. 1, p. 3.  Approximately 21 administrative remedy submissions were logged into SENTRY under the plaintiff's inmate number during the time period plaintiff was housed at USP Florence. Id. at Exh. 1, attch. 3, pp. 3-13. Of the 21 submissions, 10 separate Remedy ID #s are apparent: #251356, #251457, #254698, #292901, #305926, #307605, #310542, #315119, #319407, and #320886.  Plaintiff has supplied no documentation or well-pled facts or facts from which it can be inferred contrary to the information from SENTRY submitted by the defendants.

Two of the Remedy IDs,  #251356 and #251457, concern appeals of grievances which originated at the BOP facility in Leavenworth, Kansas, where plaintiff was housed prior to transfer to USP Florence, and are not relevant to this lawsuit. Id. at pp. 3-4 (Remedy ID #251356-R1, #251457-R1, and #251457-A1).

Remedy ID #254698 concerns plaintiff's complaints regarding abuse by staff; it was designated as sensitive and filing appears to have originated with the Regional Director. MOTION TO DISMISS, Docket #65, Exh. 1, attch. 3,  p. 4 (Remedy ID #254698-R1).  Remedy ID #305926 challenging administrative remedy procedures was also designated as sensitive and filing appears to have originated with the Regional Director. Id. at p. 7 (Remedy ID #305926-R1). Both requests were denied, and no timely appeal

---

complaint throughout the appeals process. MOTION TO DISMISS, Docket #65, Exh. 1, p. 3. Each Remedy ID Number also contains an extender, which identifies the level of review. Id. The extension "F-1" denotes that the complaint was filed at the institution level. Id. An extension of "R-1" indicates that the complaint was filed at the regional level or an appeal was filed at the regional level. Id. If the extension is "A-1," then an appeal filed at the national level is indicated.  The number extension may change if the submission or appeal is refiled due to a technical problem. Id. at pp. 3-4.

or extension of time to appeal the Regional Director's decision is contain within the database.

In Remedy ID #315119, plaintiff claimed he was not being treated by "med," and in Remedy ID #320886, plaintiff claimed he did not receive commissary items, with both being initiated at USP Florence. Id. at pp. 11-12. The requests were denied at the institutional level, and no timely appeal was made or extension of time to appeal was granted.

Remedy ID #310542 indicates plaintiff claimed his classification was scored wrong, and the Warden's denial was appealed to the Regional Director. MOTION TO DISMISS, Docket #65, Exh. 1, attch. 3, pp. 8 (Remedy ID #310542-F1) & 10 (Remedy ID #310542-R1). However, the Regional Director's negative response entered on September 24, 2003, was not timely appealed nor was an extension of time to file the appeal granted.

Remedy ID #319407 is described as the plaintiff wanting privacy during tele-interviews, and the Warden's denial was appealed to the Regional Director. Id. at pp. 12 (Remedy ID #319407-F1) & 13 (Remedy ID #319407-R1). However, the Regional Director's denial entered on January 27, 2004, was not timely appealed nor was an extension of time to file the appeal granted.

In the context of prisoner civil rights cases filed under 42 U.S.C. § 1983, the Tenth Circuit has dictated that an inmate who begins the grievance process but does not complete it is barred from pursuing their claims under PLRA for failure to exhaust

administrative remedies. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). The same dictate is applicable in this case.

Moreover, a plaintiff "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default." Id. at 1033. If plaintiff should now attempt to rectify his failure to fully exhaust his administrative remedies by submitting the appropriate next level of appeals, they would be barred as untimely. The Tenth Circuit has held that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted. Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he may not successfully argue that he had exhausted his administrative remedies. . . ." Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004). As the federal appellate court has concluded, "[a]llowing prisoners to proceed to federal court simply because they have filed a time-barred grievance would frustrate the PLRA's" policy goals. Id.

In summary, Remedy ID #251356 and #251457 are not relevant to the allegations of this lawsuit. Further, plaintiff is barred from pursuing any claims in this lawsuit based upon allegations which may be set forth in Remedy ID #254698, #305926, #315119, #320886, #310542, and #319407 because he failed to complete the administrative remedy process with regard to any of these grievances and would now be precluded from doing so.

Two of the grievances filed by the plaintiff were pursued through all levels of the

BOP administrative remedy process.   Remedy ID #292901 was assigned to plaintiff's grievance concerning his sleep disorder and his request to be housed in a single cell. The sole issue addressed by the plaintiff's grievance concerning his sleep disorder was the disorder itself and plaintiff's desire to be housed in a single cell.  See MOTION TO DISMISS, Docket #65, Exh. 1, attch. 1.  Plaintiff discusses his perceptions, feelings, and concerns regarding his disorder and treatment for it,  his dissatisfaction with people involved, and he references an incident from January, 1997, in which he claims he was assaulted as a result of the disorder.  Id.  However, plaintiff gives no indication that he was currently having any difficulties with his cellmate or anyone else, or that he was being threatened in any manner, or in any other imminent danger.  Id. The grievance was initially filed 2-days prior to the March 14, 2003, assault for which he seeks relief in this lawsuit.  Id.  When the grievance was rejected the same day it was filed for failure to follow proper procedure, and plaintiff re-submitted it on April 1, 2003, no mention of the assault or a failure to protect was made.  Id.  The grievance was denied by the Regional Director level, and also by the Director, National Inmate Appeals.  MOTION TO DISMISS, Docket #65, Exh. 1, attch. 3, pp. 6 & 9.

Plaintiff also filed a  grievance and followed it through all appeal levels in connection with his placement in segregation for involuntary protective custody, designated as Remedy ID #307605, but the grievance makes no clear or inferred mention of the due process violations plaintiff seeks to bring as claims in this court.  See MOTION TO DISMISS, Docket #65, Exh. 1, attch. 2.  Neither the facts or the allegations in

either Remedy ID #292901 or #307605 present the narrow constitutional violations that plaintiff seeks to bring as claims before this court, as set forth in his First Amended Complaint, nor does either grievance delineate which particular defendant the plaintiff considered responsible for which particular alleged violation.

Courts have differed on what specific information an inmate must include in a grievance to satisfy the exhaustion requirement. See Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003); Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002); Smelzer v. Hook, 235 F.Supp.2d 736 (W.D.Mich. 2002); and Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000). These courts differ on the degree of specificity that they require for purposes of exhaustion. However, the Eleventh Circuit determined in Brown v. Sikes that a prisoner is not barred from bringing suit against persons whom he did not name in his administrative grievance. The court wrote:

> Instead, we conclude that while § 1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process, it does not require that he do more than that.

Id. at 1207-08; see, also, Strong, 297 F.3d at 649 ("When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.").

Research fails to reveal a Tenth Circuit ruling on this particular question. However, I am persuaded that the Tenth Circuit would follow the line of reasoning that is found in such cases as Brown v. Sikes, and that the Tenth Circuit would not bar a

prisoner's lawsuit for the sole reason that the prisoner failed to specifically identify the constitutional right he alleges to have been violated or name the party against whom he is complaining. The Supreme Court has noted that a major purpose of the exhaustion requirement is to give prison administrators prompt notice of problems, so that they may be corrected internally in the first instance, and so that an administrative record may be developed prior to suit. See Porter, 534 U.S. at 524-25. The purposes that are outlined by the Supreme Court in Porter are furthered by the principles of notice pleading. Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) (nature of the claim need only be sketched).

The test provided by the Eleventh Circuit in Brown v. Sikes provides sufficient guidance to steer prisoners as well as prison administrators through the procedures of exhaustion. The court held there:

> We hold that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations as the prisoner reasonably can provide. It does not require him to provide information he cannot reasonably obtain, nor does it require him to inform those who will pass on his grievance of the identity of the warden or prison commissioner.

Brown v. Sikes, 212 F.3d at 1210; see also Irvin v. Zamora, 161 F.Supp.2d at 1134 (finding that "plaintiff's grievances did present the relevant factual circumstances giving rise to a potential claim and did request the identities of the individuals directly responsible for spraying the insecticide").

Applying these legal principles to the facts presented in this case, I conclude that plaintiff has not sufficiently exhausted his claims against the defendants named in this lawsuit within the administrative remedy procedures available to him.  Without describing in the grievance the nature of the constitutional violations for which he now seeks relief from this court, or even that he felt any such violations did occur, and facts or allegations to tie any individuals to the violations, plaintiff failed to place the prison on notice of his claims and therefore, he cannot proceed on such claims before this court. Accordingly, plaintiff's claims are unexhausted.

Under the provisions of § 1997e(a), plaintiff is required to exhaust administrative procedures that are made "available" to him.  As noted previously, plaintiff at one point contended that his attempts to exhaust his administrative remedies were "thwarted."   In an unpublished decision, the Tenth Circuit has found that under the plain meaning of the term "available," a prisoner must exhaust those procedures that he is reasonably capable of exhausting.  Hoover v. West, 2004 WL 309338 (10th Cir. 2004) (citing Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998)).  The court also must take into consideration any allegations that the prison frustrated or prevented an inmate from utilizing the grievance procedure by, for example, failing to provide him with the required forms.  See Mitchell v. Horn, 318 F.3d 523, 529 (3rd Cir. 2003) (holding district court erred in failing to consider prisoner's claim that he was unable to file a grievance, and therefore lacked available administrative remedies, because prison officials refused to provide him with the necessary grievance forms); see, also, Yousef v. Reno, 254 F.3d

18

1214, 1222 (10th Cir. 2001).

In this case, plaintiff's record of access to and utilization of the administrative remedy process contained in the SENTRY database would indicated that the process was available to and utilized by him.  Plaintiff has presented no well-pled facts or facts from which it can be inferred to demonstrate differently.

Accordingly, plaintiff has not exhausted his administrative remedies with regard to the claims contained in the First Amended Complaint he has filed with this court.  In Ross, the Tenth Circuit applied a total exhaustion rule, stating that if a prisoner files a complaint which contains one or more unexhausted claims, "the district court ordinarily must dismiss the entire action without prejudice." Ross, 365 F.3d at 1190.  Accordingly, the court should dismiss all of plaintiff's claims against defendants Gunja, Janusz, Hutchinson, Rowlett, Clark, Steer, and Johnson, without prejudice for failure to exhaust administrative remedies as directed by Ross.

## CONCLUSION

Based on the foregoing discussion, and the pleadings on file herein, it is hereby RECOMMENDED that the Defendants' Motion To Dismiss [Filed December 9, 2004;

Docket #65] be **GRANTED** in part and **DENIED** in part.  It is further **RECOMMENDED** that

this lawsuit be **DISMISSED**, without prejudice, in its entirety.

Dated at Denver, Colorado, this 8th day of July, 2005.

BY THE COURT:

s/ O. Edward Schlatter

_____

O. Edward Schlatter
United States Magistrate Judge

## ADVISEMENT UNDER FED. R. CIV. P. 72

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a <u>de novo</u> determination by the District Judge of the proposed findings and recommendations. <u>United States v. Raddatz</u>, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991); <u>Niehaus v. Kansas Bar Ass'n</u>, 793 F.2d 1159, 1164 (10th Cir. 1986).