IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 03-cv-01530-PSF-OES

TORY D. KOSSE,

    Plaintiff,

v.

J. GUNJA,  Warden, USP Florence;
B. JANUSZ, Case Manager, USP Florence;
DR. HUTCHINSON, Chief Psychologist, USP Florence;
S.M. ROWLETTE, Unit Manager, USP Florence;
WALT CLARK, Unit Manager, USP Florence;
DR. GARRITY; Psychiatrist, USP Springfield;
DR. GRANT, Psychiatrist, USP Springfield;
C.O. STEER, USP Florence; and
LT. JOHNSON, USP Florence,

    Defendants.

## ORDER ACCEPTING AND ADOPTING
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

    THIS MATTER is before the Court on the Recommendation for Dismissal (Dkt. # 76), filed July 8, 2005.  The Court's review of the Magistrate Judge's Recommendation is governed by 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72(b). As no party has objected to the Recommendation, the Court has reviewed the Recommendation to determine if it constitutes clear error.

    The Court concludes that the Recommendation is a correct application of the facts and the law and is not clearly erroneous.  The record is clear that plaintiff did not fully exhaust his administrative remedies for the acts and omissions forming the basis of the claims set forth in his First Amended Complaint, including defendants' alleged

deliberate indifference to his Eighth Amendment rights. The absence of total exhaustion as to all claims asserted by a prisoner bars him or her going forward according to the Prison Litigation Reform Act.

Even a failure to exhaust time-barred or procedurally barred administrative procedure precludes litigation over disputes based on such unexhausted grievances. As stated recently in *Patel v. Fleming*, 2005 WL 1685404 at *2 (10th Cir., July 20, 2005): "A prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted." *See also Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2005) and *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1140-41 (10th Cir. 2005) (42 U.S.C. § 1997e(a) requires dismissal of a case brought by a prisoner who has failed to completely exhaust his administrative remedies).

Also, the Court agrees with the Recommendation that Defendants Garrity and Grant must be dismissed for lack of personal jurisdiction over them pursuant to F.R.Civ.P. 12(b)(2). Accordingly, it is

ORDERED as follows:

1. The Court ACCEPTS and ADOPTS the Recommendation for Dismissal (Dkt. # 76), filed July 8, 2005; and

2. The Court hereby DISMISSES this action without prejudice.

DATED: August 8, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge